FILED
CLERK, U.S. DISTRICT COURT

OCT 27 2016

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR16-2126M |
|---|---|
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| EDGAR ROQUE, | |
| Defendant. | |

I.

Defendant was arrested in this district pursuant to a warrant issued by the United States District Court for the Northern District of Illinois, based on an indictment issued in case No. 15CR485 charging Defendant with conspiracy to possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. In addition to the conspiracy charge, Defendant is also charged in Count Two with possessing with intent to distribute more than 500 grams of cocaine in the Northern District of Illinois on or about July 31, 2014.

At Defendant's request, the initial appearance was continued from October 26, 2016 to October 27, 2016. The Court conducted a detention hearing on October 27, 2016:

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☒ Outstanding warrant issued on March 9, 2016 for failure to appear and the suspension/revocation of license due to failures to appear in February 2015 and July 2014
- ☒ Frequent and recent travel to Mexico

As to danger to the community:

- ☒ Allegations in present charging document and Defendant's alleged leadership role in the conspiracy charged.
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☒ Criminal History includes arrests in 2011 and 2013 for 32013 and 2014 for narcotics related offenses.
- ☒ Outstanding warrant issued on February 4, 2015 for "Public Peace/Disorderly Conduct"

V.

☐ The Court finds a serious risk that the defendant will
　☐ obstruct or attempt to obstruct justice.
　☐ threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

VI.

According to the Pretrial Services Report, defendant reported traveling to Mexico about two times a year. However, the government has stated that Defendant has crossed the US/Mexico border nineteen times since November 2014.

In addition to the factors noted above, the Court finds that defendant's release will pose both a flight risk and a danger to others and the community.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from

3

1 persons awaiting or serving sentences or being held in custody pending appeal.
2 The defendant will be afforded reasonable opportunity for private consultation
3 with counsel.  On order of a Court of the United States or on request of any
4 attorney for the Government, the person in charge of the corrections facility in
5 which defendant is confined will deliver the defendant to a United States Marshal
6 for the purpose of an appearance in connection with a court proceeding.
7 [18 U.S.C. § 3142(i)]
8
9 Dated: October 27, 2016                            /s/
10                                             ALKA SAGAR
                                        UNITED STATES MAGISTRATE JUDGE
11

4